UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARSHALL ROSS,                                   :
                                                 :
                         Plaintiff,              :     15-CV-3286 (JPO)
        -v-                                      :
                                                 :     OPINION AND ORDER
THE STATE OF NEW YORK *et al.*,                  :
                                                 :
                         Defendants.             :
------------------------------------------------------------ X

J. PAUL OETKEN, District Judge:

      Plaintiff Marshall Ross filed this action on April 29, 2015.  On February 16, 2016, the Court dismissed all of Ross's claims except his religious discrimination claim against the City University of New York ("CUNY") under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and his official capacity claims against Ricardo Fernandez, Dene Hurley, and Stefan Becker under Title I of the Americans with Disability Act, 42 U.S.C. § 12101, *et seq*.  (Dkt. No. 38.)  CUNY moves for reconsideration of the Title VII ruling on the ground that Ross's claim is time-barred.  (Dkt. No. 39.)  Ross has not opposed CUNY's motion.

      "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citation and quotations omitted).  To prevail, the movant must demonstrate either (i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct clear error or prevent manifest injustice. *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 580–81 (S.D.N.Y. 2013) (citation omitted). Ordinarily, the final showing—manifest injustice—requires that the movant demonstrate that the

1

Court overlooked a key fact in the record or a controlling point of law. *See Cioce v. County of Westchester*, 128 Fed. App'x 181, 185 (2d Cir. 2005).

Familiarity with the background of this case is presumed. (*See* Dkt. No. 38.) For these purposes, it is relevant that Ross (1) asserts a Title VII claim based on interactions he had with CUNY officials before May 22, 2013, and (2) filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on May 28, 2014, more than a year after the allegedly discriminatory conduct. (*See* Dkt. Nos. 1 at 4; 20-14 at 4, 38 at 3-4, 40 at 2.) CUNY properly notes that, to bring a timely Title VII claim, a plaintiff or his representative must file a charge with the EEOC "within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1); *see Cayemittes v. City of New York Dep't of Hous. Preservation and Dev.*, No. 13-4071-CV, 2016 WL 860063, at *1 (2d Cir. Mar. 7, 2016). Because the February 16, 2016 order did not address the statute of limitations, reconsideration is warranted. And because Ross's Title VII claim is untimely, that claim should be dismissed.

Accordingly, CUNY's motion for reconsideration is GRANTED and Ross's Title VII claim is DISMISSED. Pursuant to the order issued on March 2, 2016, the remaining Defendants shall respond to the Complaint on or before May 6, 2016. (*See* Dkt. No. 42.)

The Clerk of Court is directed to close the motion at docket number 39.

SO ORDERED.

Dated: April 6, 2016
New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*