UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARSHALL ROSS,
                            Plaintiff,

                                15-CV-3286 (JPO)
          -v-

                                OPINION AND ORDER

STATE OF NEW YORK, *et al*,
                            Defendants.
------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

      On April 29, 2015, Plaintiff Marshall Ross filed this *pro se* action against eleven Defendants, alleging that they discriminated and retaliated against him in violation of state and federal law.  (Dkt. No. 1 ("Compl.").)  By Opinions and Orders dated February 16, 2016 (Dkt. No. 38), and April 6, 2016 (Dkt. No. 43), the Court dismissed all of Plaintiff's claims except for his claim against Defendants Ricardo Fernández, Dene Hurley, and Stefan Becker, in their official capacities, under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, alleging that Fernández, Hurley, and Becker failed to accommodate his disability.

      Defendants Hurley, Becker, and José L. Cruz,[1] in their official capacities, move for judgment on the pleadings on this remaining claim under Rule 12(c) of the Federal Rules of Civil Procedure.  For the reasons that follow, the motion is granted.

---

[1] On August 15, 2016, José L. Cruz became President of Lehman College, replacing Ricardo Fernández, leading to the substitution of Cruz, in his official capacity, as defendant here.  (*See* Dkt. No. 56 at 1 n.1.)  *See* Fed. R. Civ. P. 25(d).

1

**I.     Discussion**

Familiarity with the facts of this case is presumed.  *See Ross v. New York*, No. 15 Civ. 3286, 2016 WL 626561 (S.D.N.Y. Feb. 16, 2016) ("*Ross I*").

Defendants argue that judgment on the pleadings should be granted because Plaintiff's ADA failure-to-accommodate claim is time barred due to his failure to initiate Equal Employment Opportunity Commission ("EEOC") proceedings within 300 days of his employer's rejection of his proposed accommodation.

A party is entitled to judgment on the pleadings under Rule 12(c) if it has established that it is entitled to judgment as a matter of law and that no material issue of fact remains unresolved. *See Juster Assocs. v. City of Rutland*, 901 F.2d 266, 269 (2d Cir. 1990).  "'The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim,' and, as in a 12(b)(6) motion, the Court takes the facts alleged in the complaint as true." *Zurich Ins. Co. v. Crowley Latin Am. Servs., LLC*, No. 16 Civ. 1861, 2016 WL 7377047, at *2 (S.D.N.Y. Dec. 20, 2016) (quoting *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001)).  A complaint "filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

"An ADA claimant may bring suit in federal court only if he has first filed a timely complaint with the [EEOC] and obtained a right to sue letter." *Jacobsen v. N.Y. City Health & Hosps. Corp.*, No. 12 Civ. 7460, 2013 WL 4565037, at *4 (S.D.N.Y. Aug. 28, 2013) (citing *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001)).  To be considered timely, a plaintiff bringing an ADA claim who also files a charge with the appropriate

2

state agency must file a charge with the EEOC "within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier." 42 U.S.C. § 2000e-5(e)(1) (describing the Title VII standard, which is incorporated into the ADA by 42 U.S.C. § 12117(a)); *see McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 75 (2d Cir. 2010).

Plaintiff's claim for failure to accommodate, as described in the Court's previous opinion, arises from allegations that his employer knew that he was prohibited from doing work other than in-class teaching due to his diabetes, but nonetheless denied his request to stay in the classroom. *Ross I*, 2016 WL 626561, at *7. Plaintiff's request was denied on May 3, 2013; Defendants assigned Plaintiff office work, which Plaintiff refused. (Compl. ¶ 27.) Plaintiff did not initiate proceedings with the EEOC until May 28, 2014, which is more than 300 days from the denial of plaintiff's requested accommodation. (Compl. at 3.)

Though the request was renewed and again rejected in late January of 2014 (Compl. ¶¶ 35-37), the statute of limitations runs from the initial request, as repeated requests for the same accommodation or requests for reconsideration of a denial of an accommodation do not restart the clock under the ADA. *See Elmenayer v. ABF Freight Sys., Inc.*, 318 F.3d 130, 134-35 (2d Cir. 2003). Nor has Plaintiff described the sort of "extraordinary" circumstances justifying equitable tolling. *Zerilli–Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003).

Plaintiff's only defense regarding Defendants' statute-of-limitations argument is that the "wrongdoings committed against [him] . . . continue[] up to this day." (Dkt. No. 61 at 1.) However, because the only claim allowed to proceed by the Court's prior opinion was the failure to accommodate claim relating to the denial of Plaintiff's request to stay in the classroom, this

3

denial does not amount to a continuing violation of the sort Plaintiff describes. *See Valtchev v. City of New York*, 400 F. App'x 586, 588 (2d Cir. 2010) (finding claims time barred where they are based on "'discrete acts' which are 'easy to identify'" (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002))); *Elmenayer*, 318 F.3d at 135 ("The rejection of a proposed accommodation is a single completed action when taken . . . ."); *Dodson v. N.Y. Times Co.*, No. 97 Civ. 3838, 1998 WL 702277, at *2 (S.D.N.Y. Oct. 7, 1998) ("The mere fact that past discriminatory acts have a present effect on a plaintiff does not mean that plaintiff has demonstrated a continuing violation.").

## II.  Conclusion

For the foregoing reasons, the remaining Defendants' motion for judgment on the pleadings is GRANTED.

The Clerk of Court is directed to close the motion at Docket Number 56 and to close the case.

SO ORDERED.

Dated: January 24, 2017
New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*